UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| JANICE GELDERT and PAUL GELDERT | * | CASE NO. |
| | * | |
| versus | * | |
| | * | JUDGE |
| TARGET CORPORATION and | * | |
| ACE AMERICAN INSURANCE COMPANY | * | |
| | * | MAGISTRATE |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

**NOTICE OF REMOVAL**

**NOW INTO COURT**, through undersigned counsel come defendants, Target Corporation and ACE American Insurance Company, who hereby request this Honorable Court to remove that certain matter styled, "Janice Geldert and Paul Geldert versus Target Corporation and ACE American Insurance Company," suit number 2010-16309, from the docket of the 22nd Judicial District Court in and for the Parish of St. Tammany, State of Louisiana, (hereinafter sometimes referred to as the "state court proceeding"), to the United States District Court for the Eastern District of Louisiana, on the following grounds, to-wit:

1.

On or about October 1, 2010, Janice Geldert, (hereinafter sometimes referred to as "plaintiff"), filed a petition for damages against named defendants Target Corporation, (hereinafter sometimes referred to as "Target") and ACE American Insurance Company (hereinafter sometimes referred to as "ACE"). Plaintiff alleged that she received personal injuries as a result of a slip and fall in the Target Store located in Covington, Louisiana.

2.

Plaintiff alleged that she was a resident and domiciliary of the Parish of St. Tammany, State of Louisiana. Therefore, plaintiff is a citizen of the State of Louisiana.

3.

Defendant Target Corporation is a corporation organized under the laws of the State of Minnesota with its principal place of business in Minneapolis, Minnesota. Target was served with the Petition for Damages on October 15, 2010.

4.

Defendant ACE American Insurance Company is a foreign insurance company organized under the laws of the State of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania. ACE was served with the Petition for Damages on October 19, 2010.

5.

Plaintiff and Defendants, Target and ACE are citizens of different states.

6.

The Petition for Damages in the state court proceeding did not expressly set out a specific amount of damages which the plaintiff is seeking in the state court proceeding, i.e., the amount in controversy. The petition merely alleged that the plaintiff sustained severe injuries to her left leg, back, and that the incident caused an outbreak of psoriasis to occur. A lost of consortium claim was also brought on behalf of plaintiff Paul Geldert.

7.

The petition for damages did not allege whether the damages were such that plaintiff was entitled to a trial by jury. Under La. Code Civ. Proc. 1731(1) trials by jury are not available where an individual's cause of action does not exceed fifty thousand dollars exclusive of interest and costs. It was not readily apparent from the face of the petition whether the amount in controversy would allow removal of the matter to Federal Court.

8.

As a result, defendants filed answers to the state court petition and commenced written discovery. Responses to said discovery were received by counsel for defendants via U.S. mail on February 23, 2011. Those responses provided medical bills allegedly related to the incident in the amount of $2,780.00, that plaintiff was working, and that no lost wages were being sought as damages from the incident. Further the discovery responses provided that plaintiff was previously treated by her physician for a slip and fall in December of 2007 for discomfort related to degenerative joint disease. MRIs of plaintiff's left knee and lumbar spine revealed degenerative changes.

9.

As it was still not readily apparent from the discovery whether the amount in controversy would allow removal to Federal Court, defendants requested on February 24, 2011 a settlement demand from plaintiff.

10.

On May 16, 2011 defendants received from counsel for plaintiffs a settlement demand letter dated May 13, 2011 demanding $150,500.00 in settlement of Janice Geldert's claims, and $25,000.00 in settlement of Paul Geldert's lost of consortium claim.

11.

Less than thirty days have elapsed since the date on which the settlement demand was received from plaintiff's counsel. The settlement demand letter constitutes an "other paper" under 28 U.S.C. §1444(b) from which it first became ascertained that the case is one which is or has become removable. *See, Addo v. Globe Life and Acc. Ins. Co., 230 F.3d 759 (5th Cir. 2000).* Consequently, the removal of the claims which have been asserted by Janice Geldert in the state court proceeding to the United States District Court for the Eastern District of Louisiana is timely. 28 U.S.C. 1446(b). Further, the claim of Paul Geldert may be properly removed to the Unites States District Court for the Eastern District of Louisiana pursuant to this court's Supplemental Jurisdiction under 28 U.S.C. §1367.

12.

Further, the state court petition is subject to amendment upon motion of plaintiffs at any time to assert damages greater than $75,000, exclusive of interest and costs. Target and ACE are now informed and believe that the amount which plaintiff will seek in the state court proceeding, i.e., the amount in controversy, will exceed $75,000, exclusive of interest and costs.

13.

The claims that plaintiff, Janice Geldert, now assert in the state court proceeding are claims between citizens of different states involving more than $75,000, exclusive of interest and costs. The claims which plaintiff, Janice Geldert, have asserted in the state court proceeding, therefore, now fall within the jurisdiction of the United States District Court and may properly be removed to the United States District Court for the Eastern District of Louisiana. See, 28 U.S.C. 1332, 28 U.S.C. 1441 & 1446-1451; and 28 U.S.C. 98(c). Additionally, the claim of Paul Geldert may be properly removed to the Unites States District Court for the Eastern District of Louisiana pursuant to this court's Supplemental Jurisdiction under 28 U.S.C. §1367.

14.

Defendants Target Corporation and ACE American Insurance Company wishes to remove the claims which have been asserted by plaintiffs in the state court proceeding to the United States District Court for the Eastern District of Louisiana.

15.

Target Corporation and ACE American Insurance Company respectfully requests that this Notice of Removal be filed into the record of the United States District Court for the Eastern District of Louisiana, effecting a removal of that certain matter styled, "Janice Geldert versus Target Corporation and ACE American Insurance Company," suit number 2010-16309, from the docket of the 22nd Judicial District Court in and for the Parish of St. Tammany, State of Louisiana, to the United States District Court for the Eastern District of Louisiana.

Respectfully Submitted:
**LAWRENCE & ASSOCIATES**

By: **/s/David P. Curlin**
David P. Curlin (#20771)
John S. Lawrence, Jr. a P.L.C. (#19678)
225 St. Ann Drive
Mandeville, Louisiana 70471
Telephone: (985) 674-4446

**CERTIFICATE OF SERVICE**

I hereby certify that on this **31st** day of **May, 2011**, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following: Robert J. Caluda; attorney for plaintiff.

**/s/David P. Curlin**